# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

JONATHAN HANS,

    Petitioner,

v.

V.J. FLOURNOY,

    Respondent.

CIVIL ACTION NO.: 2:15-cv-65

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Jonathan Hans ("Hans"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondent filed a Response, (doc. 7), and Hans filed a Reply. (Doc. 8.) For the reasons which follow, I **RECOMMEND** that the Court **DISMISS** Hans' Section 2241 Petition and **CLOSE** this case. I also **RECOMMEND** the Court **DENY** Hans *in forma pauperis* status on appeal.

## BACKGROUND

Hans pled guilty in the Southern District of Indiana to conspiracy to advertise child pornography, in violation of 18 U.S.C. § 2251(d)(1)(A), and conspiracy to distribute child pornography, in violation of 18 U.S.C. § 2252(a)(2). (Doc. 7-1, p. 2.) On May 19, 2010, Hans was sentenced to 120 months' imprisonment, and he has a projected release date of March 13, 2019. (Id. at p. 3.)

On May 17, 2011, Petitioner filed a habeas petition, pursuant to 28 U.S.C. § 2241, in this Court. Pet., Hans v. Haynes, 2:11-cv-88 (S.D. Ga. May 17, 2011), ECF No. 1. In that Petition, Hans alleged that he should be given credit towards his sentence for 508 days he spent in a facility with "jail like conditions" while on pretrial release prior to his sentencing. (Id. at pp. 3–5.) The Magistrate Judge recommended that the petition be dismissed because Hans could not receive credit towards his federal sentence for time spent in Volunteers of America, a halfway house, as he was not in official detention. R. & R., Hans v. Haynes, 2:11-cv-88 (S.D. Ga. July 8, 2011), ECF No. 7. This Court adopted the Report and Recommendation and dismissed the case. Order, Hans v. Haynes, 2:11-cv-88 (S.D. Ga. July 8, 2011), ECF No. 10. Hans appealed to the Eleventh Circuit, which affirmed the dismissal, holding that the Supreme Court's decision in Reno v. Koray, 515 U.S. 50, 52, 55–56 (1995), foreclosed Hans' arguments. Hans v. Haynes, No. 11-13772 (11th Cir. May 14, 2012).

In the Petition in this case, Hans once again argues that he should receive credit for the time he spent in a halfway house while on pretrial release. (Doc. 1, pp. 2–3.) Respondent contends that Petitioner is barred from seeking relief because this is a successive petition asserting claims that have already been raised and adjudicated on the merits in Hans' prior habeas proceedings.

## DISCUSSION

### I. Whether Hans can Proceed Pursuant to Section 2241

As the Respondent points out, 28 U.S.C. § 2244(a) bars Plaintiff from raising the same claims for habeas relief that this Court has already rejected. That statute provides,

> [n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to judgment of

> a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). "For a § 2241 petition to be barred as successive under 28 U.S.C. § 2244(a), the same claims must have been raised and adjudicated on the merits in the petitioner's prior habeas proceedings." Watson v. United States, 392 F. App'x 737, 742 (11th Cir. 2010); see also Fulgengio v. Wells, No. CV 309-026, 2009 WL 3201800, at *2 (S.D. Ga. Oct. 6, 2009) ("Where a petition, brought pursuant to § 2241, raises claims that have been previously litigated and adjudicated in a prior habeas proceeding, the claims are barred by the successive writ rule."). Successive § 2241 habeas petitions "are subject to threshold dismissal in the district court" under the terms of 28 U.S.C. § 2244(a). Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008).

Hans concedes that he already raised the same argument that he raises in this Petition and that the Court dismissed that argument on the merits. (Doc. 8, pp. 1–3.) However, he contends that he is presenting "new evidence" because a Georgia superior court judge recently gave a defendant credit for time she spent on house arrest. (Doc. 1, pp. 2–3.) In support of this contention, Petitioner cites news articles that he has read regarding the state court defendant's case. A Georgia judge's sentencing of a defendant in a state court case under Georgia law has absolutely no relationship as to how Hans' federal sentence is calculated under 18 U.S.C. § 3585(b). Accordingly, Hans' attempt to distinguish the arguments contained in this Petition from those already raised and rejected is unavailing. Ellis v. Ashcroft, No. 104-CV-00015-MP-AK, 2005 WL 5909016, at *4 (N.D. Fla. Sept. 16, 2005) ("Thus, to the extent that Petitioner seeks credit for the time served in federal custody when he should have been in state custody, an

issue which has been specifically litigated in two other district courts and affirmed on appeal, the petition should be denied as an abuse of the writ."); DiVito v. Wells, No. CV 311-005, 2011 WL 5844495, at *3 (S.D. Ga. Oct. 18, 2011) (dismissing petition as successive under Section 2244(a), even though specifics of petitioner's current petition differed from prior petition, because central issue of whether he earned good conduct time during "constructive" Bureau of Prisons' custody had already been decided on first petition).

For these reasons, I **RECOMMEND** that the Court **DISMISS** Hans' Petition pursuant to 28 U.S.C. § 2244(a) as a second or successive petition.

## II. Leave to Appeal *In Forma Pauperis*

The Court should also deny Hans leave to appeal *in forma pauperis*. Though Hans has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or

fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Hans' Petition and the Respondent's Response, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS** Hans' Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), and **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Hans leave to proceed *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A

party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Hans and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 18th day of March, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA